UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN RODRIGUEZ, *et al.*,

    Plaintiffs,

    v.

WEST PUBLISHING CORP., *et al.*,

    Defendants.

Case No. C06-1096L

ORDER DENYING
MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on a motion to compel filed by defendant West Publishing Corporation d/b/a BAR/BRI ("BAR/BRI"). (Dkt. #3). BAR/BRI seeks to compel a third party, James Rigos, to (1) produce documents in response to its subpoena duces tecum, and (2) appear for a deposition to testify in the underlying case, currently pending in the Central District of California. Rigos resides in this district.

The Court denies the motion because the parties did not comply with the meet and confer requirement in the Local Rules prior to filing the motion.

## II. DISCUSSION

**A.   Background Facts.**

In the underlying suit, BAR/BRI students are suing BAR/BRI alleging that it entered into

ORDER DENYING
MOTION TO COMPEL - 1

illegal conspiracies to create a monopoly and used its monopoly power to eliminate competition and artificially inflate prices. Rigos is a direct competitor of BAR/BRI. He is the owner and an instructor of a bar examination course which prepares law school graduates for the Washington state bar exam. Plaintiffs, in their supplemental initial disclosures in November 2005, disclosed Rigos as a person "who may have discoverable information regarding activities of [BAR/BRI], in furtherance of relevant illegal, anticompetitive actions it performed with regard to the bar review market in violation of the Sherman Act and the Clayton Act." Declaration of Alan Gruber, (Dkt. #5) ("Gruber Decl."), Ex. A. On June 5, 2006, defendants' counsel contacted Rigos to determine if he would be willing to discuss the action against BAR/BRI. Rigos refused to talk with defense counsel.

BAR/BRI served its subpoena duces tecum (the "subpoena") on Rigos on June 28, 2006. The subpoena required Rigos to (1) provide numerous categories of documents on July 12, 2006, and (2) appear for a deposition in downtown Seattle, close to his office, on July 13, 2006. Gruber Decl., Ex. C. Rigos served his objections to the subpoena on July 10, 2006. Rigos objected to the timing of the deposition on the basis that the week of July 12 was very busy for him and his staff due to the upcoming Washington bar exam administered from July 25, 2006 through July 27, 2006. Counsel for defendants and for Rigos discussed the objections on July 12, 2006 but were unable to work out a compromise. Defendants' counsel states that he offered to reschedule the deposition to a mutually convenient time or place and to narrow the document requests, but Rigos' counsel refused to negotiate either point. Gruber Decl. at ¶ 7. Rigos is listed as a potential witness in plaintiffs' trial witness list. The underlying case is schedule to go to trial in February 2007.

Rigos has expressed the fear that if he participates in this lawsuit, BAR/BRI will retaliate against him. Declaration of James Rigos, (Dkt. #7) ("Rigos Decl."), at ¶ 6. The fear is based in part on his claim that BAR/BRI has engaged in "predatory" acts against him in the past, including disseminating false and misleading advertisements regarding Rigos' program.

ORDER DENYING
MOTION TO COMPEL - 2

BAR/BRI has made similar allegations against Rigos. Rigos also believes that individuals connected to defendants have burglarized his office three times and hacked into his computer files. He bases that belief on the fact that the break-ins occurred shortly after plaintiffs disclosed his identity as a potential witness, the burglars took his hard drive but not unsecured valuables, and after the break-ins, Rigos' paper files related to West-BAR/BRI were missing but other files were not. Id. at ¶¶ 8, 11. Also in November 2005, a hacker accessed documents on his hard drive and converted several letters Rigos had written to West bar review in 1997 and 1998 from their Word Perfect format to Word format. Id. at ¶ 10. Rigos' office was burglarized a third time in June 2006; his lap-top computer, which contained marketing information, was stolen. Id. at ¶ 14. Although these facts are very troubling and raise the possibility that one of his competitors was involved, the record does not show that any charges were filed against BAR/BRI or related parties, or that they were the subject of any police investigation. This Court, will not, therefore, assume that BAR/BRI was involved.

**B.     Analysis.**

Local Rule 37 requires that a movant confer in good faith with opposing counsel, either via telephone or in person, prior to filing a motion to compel. BAR/BRI's counsel claims that counsel conferred in good faith, but Rigos' counsel denies that contention. Rigos' attorney claims that two attorneys from the New York law firm representing BAR/BRI called her on July 12, 2006 shortly before 5:00 p.m. Pacific time, and she got the impression that they sought to leave a voice-mail for her rather than speaking directly. Declaration of Michele Earl-Hubbard, (Dkt. #8) ("Earl-Hubbard Decl.") at ¶ 9.[1] Even if that had been counsel's intent, which the

---

[1] Rigos' counsel also contends that BAR/BRI's counsel spoke with her client without her permission even though they knew he was represented. Although the issue is not directly relevant to this motion, the Court addresses the allegation because of its seriousness. Washington Rule of Professional Responsibility 4.2(a) precludes communication with a person counsel "knows to be represented by another lawyer in the matter." There is no evidence that BAR/BRI's counsel knew Rigos was represented in the matter of the subpoena or in the underlying action. Their knowledge that Rigos was represented three and a half years earlier

ORDER DENYING
MOTION TO COMPEL - 3

circumstances of the call do not necessarily support, the subsequent conversation does not reflect a good faith effort by either party to resolve the matter. Although BAR/BRI's counsel called at an inconvenient time, they offered to continue the conversation later but counsel never did so. BAR/BRI's counsel states that they offered to narrow the scope of the subpoena, but they apparently did not provide any details. Rigos' counsel did not pursue the offer or seek an extension. Instead, she stated that "Rigos could not appear at a deposition while bar preparation was underway and that he could not possibly produce the records they had demanded." Id. That strident position seems to have precluded the possibility of compromise. In short, it appears that the conversation concluded without any follow-up or real attempts to compromise.

Because the parties did not comply with the letter and spirit of Local Rule 37, the Court denies the motion. Although the Court is aware that some discovery disagreements cannot be resolved, Local Rule 37 requires a good faith discussion, striving towards a resolution that is in the parties' best interests without involving the Court. The fact that BAR/BRI's counsel offered to narrow the scope of its requests highlights the reason for a good faith conference: the parties are often able to fashion a compromise that meets their needs.

In the interests of efficiency and expediency, the Court offers the following guidance to aid the parties' attempt to resolve the discovery dispute. As for the deposition, scheduling it for a date after the bar exam, which defendants offered to do, would alleviate Rigos' concern about the burden of preparing and appearing for it just before the bar exam. Moreover, Rigos has admitted that he has information relevant to this litigation. Plaintiffs claim that BAR/BRI has engaged in illegal tactics to drive competitors from the market, and Rigos claims that he is one such competitor. His testimony is directly relevant. Rigos' expressed desire to be left alone by both parties is not a reason to preclude BAR/BRI from learning his relevant knowledge. Similarly, although Rigos has explained the scope of his knowledge in detail in his declaration,

---

regarding his dispute with BAR/BRI's advertising practices is not knowledge of his representation "in the matter."

ORDER DENYING
MOTION TO COMPEL - 4

providing the declaration does not obviate defendants' right to depose him.  In fact, the declaration highlights the fact that Rigos has relevant knowledge.  In light of that seemingly extensive knowledge, Rigos' allegation that BAR/BRI's desire to depose him is a predatory act in untenable.  If Rigos believes that BAR/BRI has engaged in unlawful practices, he can pursue legal remedies.  Therefore, defendants would be entitled to an order compelling him to appear for a deposition at a mutually convenient time and place.

The Court next considers the scope of the requested documents.  As an initial matter, Rigos objected to the subpoena on the grounds that it sought attorney-client privileged documents or documents reflecting work product.  He has not pursued that contention in his memorandum, so the Court assumes that the responsive documents are not privileged.  Rigos objected to topic #1 on the grounds that it seeks documents that contain protected trade secrets and other confidential business information that would be damaging if disclosed to a direct competitor.  The Court would likely find that the documents sought in response to topic #1 would be of minimal relevance and the relevance would be outweighed by the likelihood of disclosing trade secrets and other proprietary information.  Gruber Decl., Ex. C at pp. 6-7 (requesting, among other categories, documents concerning marketing and promotional efforts and strategies, price lists, pricing strategies, pricing analyses, business plans, financial documents and models, short-term or long-term strategies, acquisitions strategies, and competitive strategies).  Given the fact that the parties are direct competitors, the existence of a protective order in the underlying litigation would likely be insufficient to fully protect Rigos' interests.

Rigos contends that the remaining requests are overly burdensome in part because he would have to expend a substantial amount of time recreating documents that were lost during the break-ins.  Rigos is not required to create or recreate documents to respond to the subpoena. He also alleges that to respond to the subpoena, he would have to devote two employees to work on compiling documents full-time for approximately two months.  The burden would be

ORDER DENYING
MOTION TO COMPEL - 5

lessened if Rigos were not required to respond to topic #1 or recreate documents. Furthermore, Rigos' burden argument is undermined by the fact that he has selectively culled and provided documents to assist plaintiffs.

The only other topic that Rigos specifically objected to in his objections or memorandum is topic #3, which seeks information regarding West Bar Review and its sale. According to his declaration, Rigos attempted to purchase West Bar Review but was unsuccessful. Rigos Decl. at ¶¶ 28-30. West then sold its bar review course to BAR/BRI. Because Rigos alleges that the sale was anti-competitive, documents regarding the sale and his efforts to purchase West are relevant. Although Rigos argues that responsive documents are already in defendants' possession or could be obtained more easily from third parties, BAR/BRI is entitled to know what documents Rigos has and what underlies his opinions. Accordingly, the Court would likely require him to produce documents in response to topic #3.

Topics 2, 7, 8, 9, 17, 18, 19, 20, 23, and 24 appear directly relevant to the underlying litigation and Rigos' claimed knowledge, so the Court would likely compel him to produce documents in response to those topics. As for the remaining topics, the parties have not provided sufficient information at this point to allow the Court to evaluate their relevance or the burden to Rigos. The parties' attempts to resolve this matter should include exploring those topics further. The parties should also be able to agree on methods, such as redaction, for protecting the privacy of Rigos' students if the relevant documents include private information.

Finally, because the Court would grant the motion to compel in large part, it would deny Rigos' request to recover his fees and costs associated with opposing this motion.

ORDER DENYING
MOTION TO COMPEL - 6

## III.  CONCLUSION

For the foregoing reasons, defendants' motion to compel (Dkt. #3) is DENIED.

DATED this 22nd day of August, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO COMPEL - 7