1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN RODRIGUEZ, *et al.*,

      Plaintiffs,

    v.

WEST PUBLISHING CORP., *et al.*,

      Defendants.

Case No.  C06-1096L

ORDER GRANTING IN PART AND
DENYING IN PART MOTION
FOR A PROTECTIVE ORDER

## I.  INTRODUCTION

This matter comes before the Court on a motion for a protective order filed by third parties James Rigos and Rigos Professional Education Programs, Ltd. (collectively, "Rigos"). (Dkt. #16).  Defendant West Publishing Corporation d/b/a BAR/BRI ("BAR/BRI") has issued a subpoena duces tecum to Rigos seeking numerous categories of documents.  Rigos resides in this district.

For the reasons set forth below, the Court grants the motion in part and denies it in part.

## II.  DISCUSSION

In the underlying suit, currently pending in the Central District of California, BAR/BRI students are suing BAR/BRI alleging that it entered into illegal conspiracies to create a monopoly and used its monopoly power to eliminate competition and artificially inflate prices.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR A PROTECTIVE ORDER - 1

Rigos is a direct competitor of BAR/BRI of Washington.  He is the owner and an instructor of a bar examination course which prepares law school graduates for the Washington state bar exam. Rigos is listed as a potential witness in plaintiffs' trial witness list.  The underlying case is scheduled to go to trial in February 2007.

On July 27, 2006, BAR/BRI filed a motion to compel Rigos to produce documents in response to its subpoena duces tecum and appear for a deposition.  The Court denied BAR/BRI's motion for failure to comply with the meet and confer requirement.  It also offered the parties extensive guidance on the disputed issues, including stating that it would require Rigos to appear for a deposition and respond to some of the document requests.  The Court noted that it would not compel Rigos to provide documents responding to topic #1 in the subpoena, which requested documents concerning marketing and promotional efforts and strategies, price lists, pricing strategies, pricing analyses, business plans, financial documents and models, short-term or long-term strategies, acquisitions strategies, and competitive strategies.[1]  The Court also noted that many of the other requests appeared to request relevant documents that Rigos would likely be required to provide.

After the Court issued its order, BAR/BRI served a revised subpoena that removed topic #1 and included some additional requests based on Rigos' August 5, 2006 declaration.  Although BAR/BRI's counsel requested a discovery conference to discuss the requests and the scheduling of Rigos' deposition, the parties never conducted the conference.  Instead, Rigos filed this motion.

**A.      Rigos Did Not Comply with Fed. R. Civ. P. 26(c).**

Although Rigos has retained well-respected counsel to represent him regarding the

---

[1] BAR/BRI's current subpoena requests, among other categories of documents, "All documents concerning West Bar Review including, but not limited to, documents reflecting: . . . (c) Competition with West Bar Review."  Declaration of James Rigos, (Dkt. #17) ("Rigos Decl."), Ex. E at p. 7.  If that request is intended to seek documents reflecting Rigos' competitive practices or strategies with West Bar Review, that request is quashed.

1   subpoena, he has chosen to file this motion without counsel's assistance.  That approach has not

2   served him well.  Because Rigos, an attorney, has chosen to represent himself regarding this

3   motion and to file a motion for a protective order, he was required to confer in good faith with

4   opposing counsel prior to bringing this motion pursuant to Federal Rule of Civil Procedure

5   26(c).  However, Rigos made no effort whatsoever to do so.  If any party or counsel files another

6   motion to compel or for a protective order without strictly complying with Local Rule 37 and

7   Fed. R. Civ. P. 26, the Court will impose sanctions.

8   **B.    The Merits of the Dispute.**

9          BAR/BRI urges the Court to consider the merits of the underlying dispute, despite Rigos'

10  non-compliance with Rule 26(c).  BAR/BRI has expressed concern that denying the motion on

11  that basis alone "would merely provide Rigos with another opportunity to delay compliance with

12  BAR/BRI's legitimate discovery requests."  Opposition at p. 5.  That argument is well taken.

13  For that reason, and in the interests of efficiency and expediency, the Court will rule on the

14  underlying merits of the discovery dispute and consider whether Rigos has shown good cause

15  for a protective order.

16         Rigos requests that the subpoena be quashed in total.  That request is denied.  A non-

17  party ordinarily can be compelled to produce evidence regarding any matter "relevant to the

18  subject matter involved in the pending action" or "reasonably calculated to lead to the discovery

19  of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The liberal discovery rules are based on the

20  principle that access to all relevant facts will promote the search for truth and the integrity and

21  fairness of the judicial process.  As the Court noted when it ruled on BAR/BRI's motion to

22  compel, Rigos has relevant information:

23         Rigos has admitted that he has information relevant to this litigation.  Plaintiffs claim that
           BAR/BRI has engaged in illegal tactics to drive competitors from the market, and Rigos
24         claims that he is one such competitor.  His testimony is directly relevant.  Rigos'
           expressed desire to be left alone by both parties is not a reason to preclude BAR/BRI
25         from learning his relevant knowledge.  Similarly, although Rigos has explained the scope
           of his knowledge in detail in his declaration, providing the declaration does not obviate
26         defendants' right to depose him.  In fact, the declaration highlights the fact that Rigos has
           relevant knowledge.  In light of that seemingly extensive knowledge, Rigos' allegation
27

28  ORDER GRANTING IN PART AND DENYING
    IN PART MOTION FOR A PROTECTIVE ORDER - 3

that BAR/BRI's desire to depose him is a predatory act is untenable.  If Rigos believes that BAR/BRI has engaged in unlawful practices, he can pursue legal remedies. (Dkt. #11).  The Court, in its prior order, also addressed and rejected Rigos' claim that he should not be required to respond to the subpoena because BAR/BRI seeks the discovery in bad faith. In addition to the arguments previously asserted and rejected, Rigos argues that BAR/BRI's bad faith is evidenced by the fact that it continues to seek the discovery, even though Rigos does not plan to appear as a witness in the underlying litigation.  Although plaintiffs have included Rigos in their witness list, Rigos notes that the California court cannot compel him to appear. However, the parties could compel his attendance through other means.  Moreover, BAR/BRI is entitled to relevant discovery, regardless of whether Rigos will appear as a trial witness.

Rigos also contends that complying with the subpoena would result in undue burden and expense for him.  However, Rigos' contention that he has no time to respond or be deposed until March 2007, after the underlying litigation is concluded, is not well taken.  Although doing so would be burdensome for him, he has not shown that it would be *unduly* burdensome.  Rigos has known about the discovery requests since they were initially served in June 2006, and he has had ample time to gather relevant documents.  The Court explained in its August 22, 2006 order that it would compel Rigos to produce many of the requested documents if a proper motion were before it.  In the intervening three months, Rigos has apparently made no effort to cooperate with BAR/BRI or gather documents.  Rigos' burden argument is further undermined by the fact that he has selectively provided documents to assist plaintiffs.[2]

Rigos' claim of undue burden is further weakened by the hyperbolic nature of his arguments.  Rigos argues that his deposition would likely "take many days or weeks to

---

[2] Although Rigos accuses BAR/BRI's counsel of violating the ethical rules by stating that he selectively culled and provided documents to plaintiffs, counsel was justified in making that statement based on the Court's prior order and Rigos' declaration.  Supplemental Declaration of James Rigos at ¶ 11 (explaining that he provided plaintiffs with "copies of a few letters and documents that Davis Wright Tremaine had sent to West-BarBri's lawyers").

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR A PROTECTIVE ORDER - 4

complete," Motion at p. 8, but Federal Rule of Civil Procedure 30(d)(2) limits depositions to one day of seven hours unless otherwise ordered or agreed by the parties.[3]  Rigos also alleges that responding to the requests would require him to work full time for a month reviewing every document in every file.  His records, dating back 27 years, "would fill two 10-foot by 20-foot rooms."  Rigos Decl. at ¶¶ 14, 17.  Rigos dismisses BAR/BRI's argument that its requests do not cover documents prior to January 1, 1996, stating that his files are not indexed and are not organized by year.  Rigos' disorganized filing system cannot defeat BAR/BRI's right to obtain relevant information.

Having declined to quash the subpoena in its entirety, the Court considers the scope of the requests.  With only one exception, Rigos has made no attempt to address any of the specific requests.  Specifically, Rigos argues that he would be required to recreate stolen documents to respond to BAR/BRI's Instruction #9, which states, "If any document that may be responsive to this subpoena was but no longer is in your possession, custody or control, or no longer exists or cannot be found, provide a log that shows the following for each such document: . . . "  Rigos Decl., Ex. E.  The instruction requires Rigos to describe, among other things, the nature of the document, its contents, and "[a]ll persons having knowledge of the information contained in the document."  There is no evidence that Rigos was in any way responsible for the loss or destruction of the documents.  The Court will not require Rigos to compile the log, as doing so would essentially require him to recreate the stolen documents.  BAR/BRI's counsel may question Rigos about the stolen documents, their contents, and related information during his deposition.

Otherwise, Rigos has not explained why any of the specific requests, rather than the requests as a whole, are objectionable.  Instead, he alleges in conclusory fashion, that "almost all

---

[3] Rigos has expressed concern that the parties could agree to extend his deposition without his agreement, since he is a non-party.  The Court sees no reason at this point why his deposition should extend beyond a single day of seven hours.  Accordingly, Rigos' deposition shall not exceed one day of seven hours absent an order of this Court.

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR A PROTECTIVE ORDER - 5

the Thomson-West-BarBri requests have nothing to do with their students [sic] claims that they were over-charged and/or under-served, but rather focus upon prior predatory acts their course and students inflicted upon Rigos." Reply at p. 5.  BAR/BRI's alleged predatory and anti-competitive practices, however, are at the core of the underlying lawsuit.  Therefore, the requests appear reasonably calculated to lead to the discovery of admissible evidence.  The lack of specificity in Rigos' arguments undermines his allegation that the requests are too broad, burdensome, or seek anti-competitive information.  The Court will not attempt to guess regarding which portions of the 39 categories of requested documents, plus subparts, might be objectionable to Rigos and why.  Accordingly, other than Instruction #9 and Request 2(c), Rigos must comply with the subpoena duces tecum.

## III.  CONCLUSION

For the foregoing reasons, Rigos' motion for a protective order (Dkt. #16) is GRANTED IN PART AND DENIED IN PART.  Defendants are entitled to depose Rigos at a mutually convenient time and place.  Except as set forth above, Rigos must produce the requested documents no later than 10 days prior to his deposition.

DATED this 30th day of November, 2006.

Robert S. Lasnik
United States District Judge